# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO FERNANDO MIER-CARDENAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>NEIL H. ADLER, Warden<br><br>　　　　Respondent.<br>_____/ | 1:09-cv-00209-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATIONS CONSTRUING RESPONDENT'S MOTION TO DISMISS AS ANSWER TO PETITION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT<br><br>[Doc. 9] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is currently incarcerated to the Taft Correctional Institution in Taft, California. Petitioner challenges a disciplinary hearing which resulted in the loss of good time credits for Possession, Manufacture, or Introduction of a Hazardous Tool in violation of 28 C.F.R. § 541.13, *Prohibited Act Section* 108.

Respondent filed a response to the petition on April 27, 2009. (Court Doc. 9.) Petitioner filed a traverse on May 22, 2009. (Court Doc. 10.)

## DISCUSSION

I.　　Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or

treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing. Petitioner is confined at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.     <u>Rule 12(b)(6) Motion</u>

As an initial matter, Respondent has filed a motion to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, because Respondent has presented and this Court must consider documents outside of the petition, a motion under 12(b)(6) cannot be entertained, and the Court therefore construes Respondent's motion as an answer addressing the merits of the petition. See <u>cf</u>. <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996) (A motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be treated as a motion for summary judgment "if either party to the motion to dismiss submits materials outside the pleadings in support or opposition of the motion, and if the district court relies on those materials.")

III.    <u>Review of Petition</u>

Petitioner contends the finding of guilt is a violation of his due process rights because there was insufficient evidence to find that he possessed, manufactured, or introduced a hazardous tool.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id.</u> at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

1. *Advance Written Notice*

Petitioner contends he received "defective" notice of the disciplinary charges against him. Petitioner's claim is based on his apparent belief that he should have been charged with a less severe action under Prohibited Act Code 297 instead of Prohibited Act Code 108.[1]

Prohibited Act Code section 108, set forth in 28 C.F.R. § 541.13, is defined as:

> Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety[.]...

Because Petitioner was charged with violation of Prohibited Act Code 180, he was properly given notice of that charge on April 10, 2008. (Exhibit A, to Answer.) The Incident Report clearly outlined that Petitioner was charged with Possession, Manufacture, or Introduction of a hazardous tool, and set forth the facts in support of that charge. (Id.) There is simply no merit to Petitioner's claim that he did not receive adequate notice because he should, but was not, charged under Prohibited Act Code 297. Accordingly, Petitioner properly received advance notification of the charges brought against him under Prohibited Act Code 180, and the first prong of Wolff was satisfied.

///

---

[1] Prohibited Act Code section 297, is the appropriate charge for "Use of the telephone for abuses other than criminal activity (e.g. circumventing telephone monitoring procedures, possession and/or use of another inmate's PIN number; third-party calling; third-party billing; using credit card numbers to place telephone calls, conference calling; talking in code)."

3

2.  *Opportunity to Call Witnesses and Present Evidence*

There is no dispute that Petitioner had the opportunity to call witnesses and present evidence in his defense. The Disciplinary Hearing Officer's Report indicates that Petitioner was advised of his rights to call witnesses, but he did not request such testimony. (Exhibit A, to Answer.) In addition, at the hearing, Petitioner denied the charges stating "How can I get a shot when I never used the phone?" (Id.) Thus, it is clear that Petitioner was properly advised of his right to call witnesses and present evidence well before the disciplinary hearing, and the second prong of Wolff has been meet.

3.  *Written Statement by FactFinder*

The disciplinary hearing took place on April 24, 2008, and Disciplinary Hearing Officer ("DHO") Logan issued a report on May 2, 2008. (Exhibit A, to Answer.) The report was issued to Petitioner on May 7, 2008. (Id.) The DHO summarized the charges against Petitioner and outlined all of the evidence that was considered in rendering the findings. Although Petitioner may disagree with the DHO's findings, the DHO report clearly dispells his claim that he was not provided with a written statement of the evidence and reasons for the disciplinary action. Accordingly, the third prong set forth in Wolff was likewise met.

4.  *Some Evidence to Support Disciplinary Violation*

Petitioner contends that there was insufficient evidence to support the finding that he violated Prohibited Act Code 108. The disciplinary report outlines the specific evidence relied upon in rendering the DHO's finding. The report specifically states that on February 20, 2008, officer Mize found a cellular telephone hidden under a locker belonging to inmate Santiago. A SIM card was subsequently found during a search of inmate Santiago and inmate Liriano's personal property. The Office of Inspector General ("OIG") was able to determine that the cellular phone had been used to call three telephone numbers exclusively on Petitioner's approved call list. The three telephone numbers did not appear on the approved call list of any other inmate in the facility.

After considering all of the evidence, the DHO found that the greater weight of the evidence supported the finding that Petitioner was guilty of Prohibited Act Code 108-Possession,

Manufacture, or Introduction of Hazardous Tool. (Id.)

Petitioner's claim that a cell phone is not in and of itself a weapon or tool to be used in an escape is not persuasive. As stated in response to Petitioner's administrative appeal, "a cell phone or any part of a cell phone is classified as a hazardous tool because it poses a serious threat to the orderly operation and security of the facility, as well as the safety and security of all inmates and staff. Therefore, a Code 108 charge is a more appropriate charge." (Petition, at 12.)

Based on the foregoing, the evidence presented at the disciplinary hearing constituted some evidence sufficient to satisfy the due process requirement of Hill. Based on the foregoing, there was sufficient evidence to find that Petitioner was guilty of Prohibited Act Code 108- Possession, Manufacture, or Introduction of a Hazardous Tool.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 27, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE